1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 8  GEORGE FIGUEROA, | CASE NO. 1:10-CV-02032-DLB PC |
| 9         Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH |
| 10      v. | LEAVE TO AMEND |
| 11  CALIFORNIA OF CORRECTION HEALTH DEPARTMENT, et al., | (DOC. 1) |
| 12 | RESPONSE DUE WITHIN 30 DAYS |
| 13         Defendants. | |
| 14  _____/ | |

15

**Screening Order**

16  **I.      Background**

17        Plaintiff George Figueroa ("Plaintiff") is a prisoner in the custody of the California

18  Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

19  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this

20  action by filing his complaint on November 1, 2010.  Doc. 1.

21        The Court is required to screen complaints brought by prisoners seeking relief against a

22  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

24  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

25  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

26  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

27  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

28  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

1

1   1915(e)(2)(B)(ii).

2       A complaint must contain "a short and plain statement of the claim showing that the

3   pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

4   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

5   conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

6   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

7   matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*,

8   550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

9   **II.     Summary Of Complaint**

10       Plaintiff was previously incarcerated at Avenal State Prison ("ASP") in Avenal,

11  California.  Plaintiff names as Defendant medical doctor L. Dumalog.

12       Plaintiff alleges the following.  He was injured at Delano State Prison[1] in his upper right

13  leg.  He was denied medical treatment in that Defendant Dumalog refused to send Plaintiff to a

14  hospital for x-rays and a proper medical attention.  Plaintiff filed numerous 602 inmate

15  grievances regarding this.  Plaintiff was eventually taken to San Joaquin Hospital in Bakersfield.

16  Plaintiff was told that he had a malignant cancerous tumor on his upper right leg. Plaintiff needs

17  chemotherapy and various operations to treat it.

18       Plaintiff requests as relief monetary damages.

19  **III.    Analysis**

20       The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does

21  not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and

22  citation omitted).  A prisoner's claim of inadequate medical care does not rise to the level of an

23  Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

24  civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate

25  indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting

26  *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate

27

28
        [1] The Court notes that there is no prison named "Delano State Prison."  There are two state prisons located
in Delano, California: North Kern State Prison and Kern Valley State Prison.

1 indifference standard involves an objective and a subjective prong.  First, the alleged deprivation

2 must be, in objective terms, "sufficiently serious . . . ."  *Farmer*, 511 U.S. at 834 (citing *Wilson v.*

3 *Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[]

4 an excessive risk to inmate health or safety . . . ."  *Id.* at 837.

5       "Deliberate indifference is a high legal standard."  *Toguchi*, 391 F.3d at 1060.  "Under

6 this standard, the prison official must not only 'be aware of the facts from which the inference

7 could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the

8 inference.'"  *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have

9 been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no

10 matter how severe the risk.'"  *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175,

11 1188 (9th Cir. 2002)).

12       Here, Plaintiff fails to state a claim.  Plaintiff fails to allege sufficient facts to indicate that

13 Defendant Dumalog knew of and disregarded an excessive risk to Plaintiff's health.  Plaintiff's

14 claims amount at most to negligence, which is not sufficient to state an Eighth Amendment

15 claim.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

16 **IV.**     **Conclusion And Order**

17       Plaintiff's complaint is dismissed for failure to state a claim against the Defendant.  The

18 Court will provide Plaintiff with an opportunity to file an amended complaint curing the

19 deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th

20 Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his

21 amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

22 complaints).

23       If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ.

24 P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's

25 constitutional or other federal rights.  *Iqbal*, 129 S. Ct. at 1949.  Although accepted as true, the

26 "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .

27 ."  *Twombly*, 550 U.S. at 555.

28       Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,

1   *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567

2   (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded

3   pleading,"  L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

4   complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567

5   (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*,

6   114 F.3d at 1474.

7          Accordingly, based on the foregoing, it is HEREBY ORDERED that:

8          1.      The Clerk's Office shall send Plaintiff a complaint form;

9          2.      Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an

10                 amended complaint within **thirty (30) days** from the date of service of this order;

11                 and

12         3.      If Plaintiff fails to comply with this order, the Court will dismiss this action for

13                 failure to obey a court order and failure to state a claim.

14      IT IS SO ORDERED.

15      **Dated:    May 6, 2011**                            /s/ **Dennis L. Beck**
                                                     UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28