# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE FIGUEROA, | CASE NO. 1:10-CV-02032-DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO STATE CLAIM |
| v. | |
| CALIFORNIA OF CORRECTION HEALTH DEPARTMENT, et al., | (DOC. 8) |
| Defendants. | DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

Plaintiff George Figueroa ("Plaintiff") was formerly a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on November 1, 2010. On May 9, 2011, the Court dismissed Plaintiff's complaint for failure to state a claim, with leave to amend within thirty days. On July 12, 2011, the Court issued an order to show cause why this action should not be dismissed for Plaintiff's failure to obey a court order and failure to state a claim. Plaintiff was ordered to file a response within thirty days. As of the date of this order, Plaintiff has not filed an amended complaint or otherwise responded.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including,

1

where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The court's order expressly stated: "Failure to timely respond or to show cause will result in dismissal of this action for failure to obey a court order and failure to state a claim." Thus, Plaintiff had adequate

1  warning that dismissal would result from his noncompliance with the court's order.

2      Based on the foregoing, it is HEREBY ORDERED that this action is dismissed for

3  Plaintiff's failure to obey the Court's July 12, 2011 Order, and for failure to state a claim.  This

4  dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

5      IT IS SO ORDERED.

6      Dated:   **August 25, 2011**              /s/ **Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE